SWANSON, MARTIN & BELL, LLP
Catherine Basque Weiler
330 North Wabash  Suite 3300
Chicago, Illinois  60611
Telephone: (312) 222-8552
Email: cweiler@smbtrials.com

SCARINCI & HOLLENBECK, LLC
Brent M. Davis (*Pro Hac Vice forthcoming*)
1100 Valley Brook Ave.
P.O. Box 790
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: bdavis@musicesq.com

Attorneys for Plaintiff
LOKAI HOLDINGS, LLC

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ILLINOIS**

**NORTHERN DISTRICT, EASTERN DIVISION**

| | | |
|---|---|---|
| LOKAI HOLDINGS, LLC, a Delaware Corporation, | / / / | CASE NO: |
| Plaintiff, | / / | **COMPLAINT** |
| v. | / / | **DEMAND FOR JURY TRIAL** |
| HOT RAGS, INC. and DOES 1-10, | / / | |
| Defendants. | / / / | |

Plaintiff LOKAI HOLDINGS, LLC ("Plaintiff") by their attorneys, Scarinci & Hollenbeck, LLC, as and for its Complaint against defendant HOT RAGS, INC. ("Hot Rags") and defendants DOES 1-10 ("Does") (Hot Rags and Does collectively referred to herein as "Defendants") allege as follows:

1. This is an action for trademark infringement, counterfeiting, false designation of origin and unfair competition under 15 U.S.C. §§ 1051 et seq., design patent infringement under

35 U.S.C. §§ 1 et seq., and copyright infringement under 17 U.S.C. §§ 101 et seq.

## THE PARTIES

2. Plaintiff is a Delaware corporation with its principal address at 36 E. 31st Street, Suite 602, New York, New York, 10016, and is engaged in business as a manufacturer and seller of beaded bracelets, which sell world-wide, including within the State of Illinois.

3. Hot Rags is an Illinois corporation, with a registered address of 45 S LaGrange Road, LaGrange, IL 60525.

4. Hot Rags has a retail store with an address of 43 S LaGrange Road, LaGrange, IL 60525 ("Hot Rags LaGrange").

5. Hot Rags has a retail store with an address of 203 Yorktown Shopping Center, Upper Level Center Court, Lombard, IL 60148 ("Hot Rags Lombard").

6. The true names and capacities of Does are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and thereon believes and alleges that each of the Does is, in some manner, responsible for the events and happenings herein referred to, either contractually or tortiously, and each has caused damage to the Plaintiff as herein alleged. When Plaintiff ascertains the true names and capacities of the Does, it will ask leave of this Court to amend its Complaint by setting forth the same.

## JUSRISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338 (a) and (b) (claims arising under copyright, trademark and patent laws; claims of unfair competition premised on copyright, trademark and patent violations).

8. This Court has personal jurisdiction over Defendants, as Defendants are an Illinois

Corporation and a substantial part of the events or omissions giving rise to the claim occurred within the state of Illinois.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

10. Plaintiff manufactures and sells beaded bracelets (the "Lokai Bracelet") in various colors, under, or which bear, on the bracelet and/or attached tag, the following federally registered trademarks: (1) the standard character "lokai" trademark (Reg. No. 4,429,129), (2) the stylized "lokai" trademark (Reg. No. 4,640,686), (3) the stylized water droplet logo trademark (Reg. No. 4,636,915) and (4) the standard character "find your balance" trademark (Reg. No. 4,870,494) (collectively, the "Trademarks").

11. The Lokai Bracelet embodies the design protected by US Design Patent No. D748,000 S (the "Design Patent").

12. The tag attached to the clear-colored Lokai Bracelet (the "Lokai Bracelet Hangtag") is registered with the US Copyright Office under VA 1-968-047, with an effective date of registration of November 03, 2014 (the "Copyright").

13. Plaintiff has invested significant amounts of money, time and effort in promoting and advertising the Lokai Bracelet, Trademarks, Design Patent and Copyright.

14. Defendants have marketed, offered for sale and sold counterfeit versions of the Lokai Bracelet (the "Counterfeit Goods"), which improperly embody, bear or otherwise use the Trademarks, Design Patent and Copyright, or unauthorized copies thereof, since, at least, July 12, 2015.

15. Defendants have marketed, offered for sale and sold the Counterfeit Goods at Hot

Rags LaGrange.

16. Upon information and belief, Defendants have marketed, offered for sale and sold the Counterfeit Goods at Hot Rags Lombard.

17. On or about July 28, 2015, representatives of Plaintiff sent a cease and desist letter, via email and first class mail, to a physical address and email address believed to be used by Defendants (the "July 28 Letter").

18. On or about July 28, 2015, representatives of Plaintiff received email delivery confirmation that the July 28 Letter was delivered to the email address believed to be used by Defendants.

19. On or about August 18, 2015, representatives of Plaintiff sent another cease and desist letter, via email and first class mail, to Hot Rags LaGrange and an email address believed to be used by Defendants (the "August 18 Letter").

20. On or about August 18, 2015, representatives of Plaintiff received email delivery confirmation that the August 18 Letter was delivered to the email address believed to be used by Defendants.

21. On or about December 8, 2015, representatives of Plaintiff sent another cease and desist letter, via email, to two (2) email addresses believed to be used by Defendants (the "December 8 Letter").

22. On or about December 8, 2015, representatives of Plaintiff received email delivery confirmation that the December 8 Letter was delivered to both email addresses believed to be used by Defendants.

23. On or about December 9, 2015, representatives of Plaintiff sent the December 8 Letter via certified mail, return receipt requested, to Hot Rags LaGrange.

24. On or about December 9, 2015, representatives of Plaintiff sent the December 8 Letter via first class mail, to Hot Rags Lombard.

25. On or about December 14, 2015, the December 8 Letter was delivered to Hot Rags LaGrange, and received and signed for on behalf of Defendants by an individual named Alexandra Raftakis.

26. As of the date of this Complaint, Plaintiff has not received any response from Defendants.

27. Upon information and belief, as of the date of this Complaint, Defendants continue to market, offer for sale and sell the Counterfeit Goods.

## FIRST CAUSE OF ACTION

### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1)

28. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 27 of this Complaint with the same force and effect as if set forth fully at length herein.

29. Plaintiff is the owner of registrations with the United States Patent and Trademark Office (the "USPTO") for the Trademarks.

30. Defendants are using the Trademarks, without authorization from Plaintiff, in connection with the sale of the Counterfeit Goods.

31. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin and quality of the Counterfeit Goods based on the nearly identical nature of the Counterfeit Goods compared to the Lokai Bracelet.

32. Defendants' actions constitute infringement of the Trademarks, in violation of Plaintiff's rights under 15 U.S.C. § 1114(1).

33. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about July 28, 2015, August 18, 2015 and December 8, 2015.

34. Defendants have been and are infringing on the Trademarks with full knowledge and willful disregard for Plaintiff's exclusive rights, and with knowledge that the Trademarks are exclusively associated with Plaintiff.

35. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

36. Plaintiff has no adequate remedy at law, and is suffering irreparable harm and damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## SECOND CAUSE OF ACTION

### TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114(1)

37. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 36 of this Complaint with the same force and effect as if set forth fully at length herein.

38. Plaintiff is the owner of registrations with the USPTO for the Trademarks.

39. The registrations with the USPTO for the Trademarks list "bracelets; jewelry; rubber or silicon wristbands in the nature of a bracelet" in the description of goods for such registrations, in international class 014.

40. Defendants are marketing, offering for sale and/or selling the Counterfeit Goods, which are a type of bracelet, jewelry or rubber or silicon wristband in the nature of a bracelet.

41. The Counterfeit Goods being offered for sale by Defendant are identical with, or substantially indistinguishable from the Lokai Bracelet, and bear a mark identical with, or substantially indistinguishable from, the registered stylized water droplet logo trademark (Reg. No. 4,636,915).

42. The tag attached to the Counterfeit Goods being offered for sale by Defendant bears marks identical with, or substantially indistinguishable from, the stylized "lokai" trademark (Reg. No. 4,640,686), the stylized water droplet logo trademark (Reg. No. 4,636,915) and the standard character "find your balance" trademark (Reg. No. 4,870,494).

43. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin, quality and authenticity of the Counterfeit Goods.

44. Defendants' actions constitute trademark counterfeiting in violation of Plaintiff's rights under 15 U.S.C. § 1114(1).

45. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about July 28, 2015, August 18, 2015 and December 8, 2015.

46. Defendants have been and are infringing on the Trademarks with full knowledge and willful disregard for Plaintiff's exclusive rights, with knowledge that the Trademarks are exclusively associated with Plaintiff.

47. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

48. Plaintiff has no adequate remedy at law, and is suffering irreparable harm.

49. Plaintiff has suffered monetary damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## THIRD CAUSE OF ACTION

**FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION OF FACT AND FALSE REPRESENTATION OF FACT UNDER 15 U.S.C. § 1125(a)**

50. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1

through 49 of this Complaint with the same force and effect as if set forth fully at length herein.

51. Plaintiff is the owner of registrations with the USPTO for the Trademarks.

52. Defendants have affixed, applied, or used in connection with the sale of the Counterfeit Goods, the Trademarks and false descriptions and representations, which tend to falsely describe or represent that the Counterfeit Goods and/or Defendants are sponsored by, authorized by, or otherwise affiliated with Plaintiff.

53. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin, quality and authenticity of the Counterfeit Goods.

54. Defendants' actions constitute false designation of origin, false description of fact and false representation of fact in violation of 15 U.S.C. § 1125(a).

55. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about July 28, 2015, August 18, 2015 and December 8, 2015.

56. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

57. Plaintiff has no adequate remedy at law and is suffering irreparable harm.

58. Plaintiff has suffered monetary damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

59. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 58 of this Complaint with the same force and effect as if set forth fully at length herein.

60. Plaintiff is the owner of registrations with the USPTO for the Trademarks.

61. Defendants are unfairly using the Trademarks to promote, market or sell the Counterfeit Goods.

62. Defendants' actions are likely to cause, and have caused, confusion, mistake and deception among the general consuming public as to the origin and quality of the Counterfeit Goods.

63. Defendants' actions constitute unfair competition under 15 U.S.C. § 1125(a).

64. Defendants were notified of Plaintiff's rights in and to the Trademarks on or about July 28, 2015, August 18, 2015 and December 8, 2015.

65. Defendants' conduct is intentional, willful, wanton and malicious, and is undertaken with the intent to reap the benefit of Plaintiff's trade identity and goodwill.

66. Plaintiff has no adequate remedy at law and is suffering irreparable harm.

67. Plaintiff has suffered monetary damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## FIFTH CAUSE OF ACTION

## DESIGN PATENT INFRINGEMENT UNDER 35 U.S.C. § 271(a)

68. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 67 of this Complaint with the same force and effect as if set forth fully at length herein.

69. Plaintiff is the owner of the Design Patent registered with the USPTO.

70. The Counterfeit Goods use or otherwise embody the design embodied in the Design Patent.

71. Defendants, without authority, offered to sell and/or sold the Counterfeit Goods within the United States.

72. Defendants' actions constitute patent infringement under 35 U.S.C. § 271(a).

73. Defendants' actions have been taken with full knowledge and willful disregard for Plaintiff's exclusive rights to make use of the design embodied in the Design Patent.

74. Plaintiff has no adequate remedy at law and is suffering irreparable harm.

75. Plaintiff has suffered monetary damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## SIXTH CAUSE OF ACTION

### COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 106 and 501

76. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 75 of this Complaint with the same force and effect as if set forth fully at length herein.

77. Plaintiff is the owner of registrations with the Copyright Office for the Copyright.

78. Defendants are using copies of the Copyright, or original elements thereof, without authorization from Plaintiff, in connection with the sale of the Counterfeit Goods.

79. Defendants' acts constitute copyright infringement under 17 U.S.C. §§ 106 and 501.

80. Defendants' actions have been taken with full knowledge and willful disregard for Plaintiff's exclusive rights in and to the Copyright.

81. Plaintiff has no adequate remedy at law and is suffering irreparable harm.

82. Plaintiff has suffered monetary damages as a result of the acts of Defendants as aforesaid in an amount thus far not determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LOKAI HOLDINGS, LLC, seeks judgment against Defendants, HOT RAGS, INC. and DOES 1-10, as follows:

I. That the Defendants be permanently enjoined and restrained from:

      a)     Using in any manner the Trademarks;

      b)     Using in any manner the Design Patent;

      c)     Using in any manner the Copyright;

      d)     Manufacturing, marketing, advertising, distributing or selling products bearing the Trademarks, Design Patent or Copyright, including, without limitation, the Counterfeit Goods;

      e)     Holding themselves to the public to be sponsored by, authorized by or otherwise affiliated with Plaintiff; and

      f)     Otherwise competing unfairly with Plaintiff in any manner.

II.     That Defendants be ordered to deliver to Plaintiff for destruction, any and all goods in Defendants' possession, or under its control, which infringe upon the Trademarks, Design Patent or Copyright, including without limitation, the Counterfeit Goods.

III.     That Defendants be ordered to provide an accounting to Plaintiff.

IV.     That Defendants be ordered to pay to Plaintiff damages for Defendants' trademark infringement pursuant to 15 U.S.C. § 1117 in the form of either, at Plaintiff's election before the entry of a final judgment: (a) Defendants' profits, Plaintiff's damages, and costs trebled under 15 U.S.C. § 1117(b), including three (3) times such profits or damages, whichever is greater, together with a reasonable attorneys' fee; or (b) statutory damages pursuant to 15 U.S.C. § 1117(c) up to Two Million Dollars ($2,000,000.00) per counterfeit mark per type of good sold, offered for sale, or distributed; and in addition, pre-and post-judgment interest.

V.     That Defendant be ordered to pay to Plaintiff damages caused to Plaintiff by reason of Defendants' infringement of the Design Patent, including treble damages for willful infringement of the Design Patent, pursuant to 35 U.S.C. § 284.

VI. That Defendant be ordered to pay to Plaintiff Defendant's total profits for infringement of the Design Patent, pursuant to 35 U.S.C. § 289.

VII. That Defendants be ordered to pay to Plaintiff damages for Defendants' trademark infringement pursuant to 17 U.S.C. § 504 in the form of either, at Plaintiff's election before the entry of a final judgment: (a) Defendants' profits and Plaintiff's actual damages pursuant to 17 U.S.C. § 504(b), or (b) statutory damages pursuant to 17 U.S.C. § 504(c)

VIII. That Defendants be ordered to provide Plaintiff with a complete list of: (a) individuals and entities who manufactured the Counterfeit Goods (along with the quantities of all such infringing and counterfeit merchandise); (b) individuals and entities that sold or provided the Counterfeit Goods to Defendants (along with the quantities of all such infringing and counterfeit merchandise); and (c) individuals and entities to whom or which Defendants sold, offered for sale, distributed, advertised or promoted the Counterfeit Goods (along with the quantities of all such counterfeit merchandise).

IX. That Plaintiff be awarded punitive damages for Defendants' willful and malicious acts of common law trademark infringement, false representation, and unfair competition.

X. That Plaintiff be awarded reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1117.

XI. That this case be declared exceptional under 35 U.S.C. § 285 and that Plaintiff be awarded its attorneys' fees, expenses, and costs incurred in this action.

XII. That Plaintiff be awarded reasonable attorneys' fees and costs, pursuant to 17 U.S.C. § 505.

XIII. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues triable by jury.


DATED: 8/16/2016       WANSON, MARTIN & BELL, LLP

<u>s/ Catherine Basque Weiler</u>
Catherine Basque Weiler
330 North Wabash  Suite 3300
Chicago, Illinois  60611
Telephone: (312) 222-8552
Email: cweiler@smbtrials.com


SCARINCI & HOLLENBECK, LLC

Brent M. Davis
1100 Valley Brook Ave.
P.O. Box 790
Lyndhurst, NJ 07071
Telephone: (201) 896-4100
Email: Bdavis@musicesq.com

*Attorneys for Plaintiff Lokai Holdings, LLC*